IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| )  | CRIMINAL ACTION NO. |
| v.           ) | 2:11cr191-MHT |
| ) | (WO) |
| WILLIE CHARLES TOWNSEND   ) | |

OPINION AND ORDER

This cause is before the court on the motion to continue, filed by defendant Willie Charles Townsend on January 17, 2012.  This case is currently set for trial on April 16, 2012.  For the reasons set forth below, the court finds that the trial should be continued until May 7, 2012, pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, see United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act. The Act provides, in part, as follows:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

>           offense shall commence within seventy
>           days from the filing date (and making
>           public) of the information or
>           indictment, or from the date the
>           defendant has appeared before a judicial
>           officer of the court in which such
>           charge is pending, whichever date last
>           occurs."

18 U.S.C. § 3161(c)(1).  However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. § 3161(h)(7)(B)(iv).

This court finds that the ends of justice served by continuing this trial outweigh the best interest of the public and Townsend in a speedy trial.  New defense counsel has been retained and it will take him additional

2

time to familiarize himself with the voluminous discovery already produced in this case.  Without a continuance, defense counsel will have insufficient opportunity to determine what defenses, if any, are available to Townsend and to develop a strategy for trial.  The need for adequate representation therefore outweighs any interest in a speedy trial.

***

Accordingly, it is ORDERED that defendant Willie Charles Townsend's motion to continue (doc. no. 141) is granted and that his trial and jury selection are continued to the criminal term of court beginning on May 7, 2012, at 10:00 a.m., in Montgomery, Alabama.

DONE, this the 19th day of January, 2012.

    /s/ Myron H. Thompson
   UNITED STATES DISTRICT JUDGE